IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE WELLS CLOWARD,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO QUASH<br><br>Case 2:07-cr-895-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on two Motions to Quash a records subpoena from third-party individuals that share a joint bank account with Defendant Steve Wells Cloward.[1] For the reasons discussed below, the Court will deny the Motions to Quash.

## I.  BACKGROUND

Defendant pleaded guilty to Conspiracy to Commit Mail and Wire Fraud on April 11, 2008, and was subsequently sentenced. As part of his sentence, he was ordered to pay $5,506,035.25 in restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"). The government asserts that Defendant has not made a payment since April 13, 2021, and it is conducting discovery into Defendant's finances. In conducting such discovery, the government issued subpoenas at numerous bank accounts in which Defendant has an interest. These include some banks accounts wherein the third-party movants are listed as joint tenants. These individuals, who are not defendants in this case, each filed a Motion to Quash the subpoenas regarding the financial records for accounts in which they have an interest. They both independently assert that (1) disclosure of such records would violate their right to financial

---

[1] Docket Nos. 444, 445.

privacy under the Right to Financial Privacy Act ("RFPA"); (2) the government failed to

demonstrate the necessary relationship between the financial records and the restitution sought,

as required by the RFPA; and (3) that they are not defendants in the case.

## II.  DISCUSSION

The MVRA provides that "[a]n order of restitution may be enforced by the United States

in the manner provided for" in 18 U.S.C. §§ 3611–3615.[2] 18 U.S.C. § 3613 provides that the

government "may enforce a judgment imposing a fine [or restitution] in accordance with the

practices and procedures for the enforcement of a civil judgment under Federal law or State

law."[3] Procedures for the enforcement of civil judgment under federal law include the Federal

Debt Collection Procedure Act ("FDCPA"),[4] on which the government relies in seeking the

subpoenas at issue.[5]

The FDCPA provides that, generally, the government "may have discovery regarding the

financial condition of the debtor in the manner in which discovery is authorized by the Federal

Rules of Civil Procedure in an action on a claim for a debt."[6] The FDCPA also provides that the

government may proceed against jointly owned property to the extent permitted by state law.[7]

---

[2] 18 U.S.C. § 3664(m)(1)(A)(i).

[3] *Id.* § 3613(a); *id.* § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.").

[4] 28 U.S.C. §§ 3001–3308.

[5] *United States v. Witham*, 648 F.3d 40, 47 (1st Cir. 2011) ("[Section] 3613(a) authorizes the United States to enforce fines and restitution orders using the FDCPA."); *United States v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007) ("The FDCPA is a procedural vehicle available to the United States under federal law for the enforcement of its civil judgments.").

[6] 28 U.S.C. § 3015(a).

[7] *Id.* § 3010(a) ("The remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located.").

Utah law provides that, [i]f a deposit or share account is opened in any credit union in the name of two or more persons, whether minor or adult . . . the account and all additions to it are considered held by these persons as joint tenants or owners," and the money held therein "may be paid to . . . any one of the joint owners during their lifetimes."[8]

With this legal background in mind, the Court now addresses the arguments raised in the Motions to Quash. First, both third-party individuals assert that the disclosure of their financial records would violate their right to financial privacy under the RFPA,[9] which provides that, subject to certain exceptions, "no Government authority may have access to or obtain copies of . . . the financial records of any customer from a financial institution."[10]  However, the RFPA later provides that a government authority may obtain financial records with a judicial subpoena if: (1) the subpoena "is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;" (2) a copy of subpoena was served on the customer with the requisite notice; and (3) the customer is given the requisite time to challenge the subpoena before such records are disclosed.[11]

Both third parties assert that the government has not shown that the records are relevant to a legitimate law enforcement inquiry. The Court disagrees. Based on the above analysis, the government has a legitimate interest in obtaining the ordered restitution from Defendant and records regarding Defendant's finances are relevant to the government's efforts to obtain those payments. Based on this analysis, the Court finds that the RFPA does not prohibit a financial

---

[8] Utah Code Ann. § 7-9-32(1), (2).

[9] 12 U.S.C. § 3401 *et seq.*

[10] *Id.* § 3402.

[11] *Id.* § 3407.

institution from disclosing Defendant's financial records, even if the records relate to a jointly held account.

Finally, both third parties assert that they are not defendants in the case and therefore their financial records are not subject to the subpoena. For the reasons discussed above, the Court finds that any financial records regarding an account on which Defendant is an owner—jointly or solely, are properly subject to the subpoena.

### III. CONCLUSION

It is therefore

ORDERED that third-party Motions to Quash (Docket Nos. 444 and 445) are DENIED.

DATED this 24th day of March, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

4